UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST SHEET METAL WORKERS ORGANIZATIONAL TRUST, *et al.*, | CASE NO. C15-0530RSM |
| Plaintiffs, | ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |
| v. | |
| ASSOCIATED HEATING & SHEET METAL, INC., | |
| Defendant. | |

## I. INTRODUCTION

This ERISA matter comes before the Court on Plaintiffs' Motion for Summary Judgment. Dkt. #28. Plaintiffs ask the Court for an Order granting the judgment in certain amounts for employee benefit contributions, liquidated damages, pre-judgment interest, and attorney's fees and costs. *Id.* Defendant opposes the motion on the basis that genuine disputes of material fact preclude such judgment. Dkt. #30. For the reasons discussed herein, the Court disagrees with Defendant and GRANTS Plaintiffs' Motion for Summary Judgment.

## II. BACKGROUND

Plaintiffs have brought this matter pursuant to Section 301 of the National Labor Relations Act, as amended ("the Act"), 29 U.S.C. § 185, and Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, seeking monthly

ORDER
PAGE - 1

contributions to Plaintiffs' Welfare, Pension, and Supplemental Pension Trusts and other payments on behalf of employees represented by Local 66, which Defendant has allegedly failed to pay. Dkt. #13.

Plaintiffs served their Amended Complaint on Defendant on April 15, 2015. Dkt. #7. Defendant did not respond. Accordingly, on August 4, 2015, Plaintiffs moved for an entry of default against Defendant, which the Clerk of the Court entered on August 5th. Dkts. #9 and #10.

On March 2, 2016, Plaintiffs moved to file a Second Amended Complaint, which this Court granted. Dkts. #11 and #12. Plaintiffs filed the Second Amended Complaint on March 21, 2016, and served Defendant on April 15, 2016. Dkts. #13 and #15. Again, Defendant did not respond. Accordingly, on May 26, 2016, Plaintiffs moved for an entry of default against Defendant, which the Clerk of the Court entered on May 27th. Dkt. #17. Plaintiffs followed with a Motion for Entry of Default Judgment, which this Court granted on June 3, 2016. Dkts. #18 and #19. Judgment was entered the same day and this matter was closed. Dkt. #20.

On September 28, 2016, Defendant moved for relief from default judgment. Dkt. #22. Defendant argued that the Default Judgment should be vacated because the parties had been involved in settlement discussions since the time of default, and had since reached a settlement in principle. *Id.* Defendant further explained that it did not seek an Order vacating the initial entry of default. Rather, Defendant sought an Order vacating the entry of default judgment in order to allow the original settlement to be finalized. *Id.* at 7. Plaintiffs did not respond to the motion. Accordingly, on October 18, 2016, this Court granted Defendant's motion, vacated the Order of Default Judgment, and re-opened the case. Dkt. #25.

ORDER
PAGE - 2

The parties subsequently submitted a Joint Status Report setting forth a proposed discovery plan, pre-trial deadlines, and trial date. Dkt. #26. The Court issued a Scheduling Order, setting a bench trial for July 10, 2017. Dkt. #27. The instant motion followed.

### III. DISCUSSION

#### A. Standard of Review for Motions of Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (*citing Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)). Material facts are those which might affect the outcome of the suit under governing law. *Anderson,* 477 U.S. at 248.

The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.

#### B. Liability and Damages

As an initial matter, the Court notes that all parties are in agreement as to the liability of Defendant in this matter. Indeed, Defendant specifically asserts that "Associated Heating does

not dispute that an accurate calculation of the unpaid contributions, interest on those contributions, and an appropriate amount of attorney's fees should be awarded."[1] Dkt. #30 at 9. However, Defendant disputes the amounts that Plaintiffs seek to collect, and whether liquidate damages may be awarded. *Id*. Thus the dispute before this Court involves the amount of damages that are owed by Defendant.

Defendant argues that Plaintiffs have failed to prove the amount of outstanding union dues owed by the Defendant, and that other costs and fees are premature and "slightly" inflated. Dkt. #30 at 6-9. The Court disagrees with Defendant, and finds that Defendant fails to raise any genuine dispute as to the amounts owed for the reasons discussed below.

*1. Union Dues*

Defendant first disputes the amount of union dues requested by Plaintiffs on the basis that it has failed to provide the relevant agreements governing the dispute. Dkt. #30 at 6-7. Defendant grossly mischaracterizes the record when it asserts that Plaintiffs have failed to provide relevant agreements and has lost other agreements. *See id.* Indeed, Defendant has represented to the Court that Plaintiffs admitted to failing to retain copies of certain contracts and that they have "lost the original contact." Dkt. #30 at 5-6. No such admission is contained in the record. The only evidence relied on by Defendant in support of this assertion is a set of responses to Interrogatories and Requests for Production served on Plaintiff Northwest Sheet Metal Workers Organizational Trust. Dkt. #31, Ex. E. In those responses, Plaintiff specifically states that it was not in possession of, nor did it keep, any of the documents sought by Defendant, because it is a Taft-Hartley trust fund that does not contract with union workers and has no involvement with issues related to union membership. *Id.* The Trust also noted that it is

---

[1] The Court agrees with Plaintiffs that this admission is also an implicit admission that Defendant is bound by the Standard Form of Union Agreements ("SFUAs") presented by Plaintiffs, as those agreements form the basis of liability in this matter. *See* Dkt. #33 at 3.

ORDER
PAGE - 4

a third party beneficiary that has no contract with Defendant. *Id.* Nowhere does the Trust admit or deny that any documents requested by Defendant existed, were destroyed, were lost, or that it ever had any possession of such documents. Thus, Defendant is simply wrong when it asserts to the Court that Plaintiffs have admitted to losing the original contract.

Defendant also argues that the Collective Bargaining Agreements submitted by Plaintiffs in support of its Motion for Summary Judgment are simply representative contracts that do not pertain to Defendant, and are otherwise inadmissible under the Federal Rules of Evidence. Dkt. #30 at 6-8. Again, Defendant misrepresents the documents in the record. The exhibits provided in support of Plaintiffs' motion have been represented as "true and correct copies" of the collective bargaining agreements in effect at the relevant times between Plaintiffs and Defendant. Dkt. #28-2 at ¶¶ 6-8, Exs. A and B. Defendant does not dispute that it is a signatory to the contract. Further, Defendant misconstrues the Rules of Evidence. The Rules of Evidence cited by Defendant do not preclude the admission of the contracts, as authenticated by the Declaration to which they are exhibits.

Defendant next argues that this dispute is only over sheet metal workers and the hours they have worked, and therefore certain employees have been inappropriately included in the calculation of sums owed. Dkt. #30 at 7. Again Defendant misstates the record. Plaintiffs have explicitly stated that Defendant was obligated to make payments to the Funds for "all *sheet metal hours worked by all employees*." Dkt. #28 at 2-3. Thus, it is clear that this matter is not limited to only sheet metal workers. Significantly, while Mr. Prouty and Mr. Payseno have stated in their Declarations that they were not hired as sheet metal workers, neither of them state that they did not perform any sheet metal work hours. Moreover, Mr. Prouty and Mr. Payseno address time periods prior to the time period at issue in this case, and make no

representations as to the hours reported in the audit of the relevant time period at issue in this case. Dkts. #28-11, #31-4 and #31-5. Likewise, Mr. Aiello states that he was employed in 2010, and only in the capacity of operations and logistics for the relocation of Defendant's shop. Dkt. #31-6. Significantly, like Mr. Prouty and Mr. Payseno, Mr. Aiello does not state that he never worked any sheet metal hours, and he does not address the more than 600 hours he worked in 2009 as reported in the audit of Defendant, or the hours he worked in 2011. *See* Dkts. #28-11 and #31-6. Finally, Mr. Nikell states in his Declaration that he worked for Defendant as a gas piper from late-2013 to mid-2014. Dkt. #31-7. He does not state in his Declaration that he never worked any sheet metal hours, and he does not address the hours he worked in 2011 or 2012 as reported in the audit of Defendant. *See* Dkts. #28-11 and #31-7. Thus, Defendant fails to raise any genuine dispute as to whether the hours of these employees should be included in calculating any amount owed.

Finally, Defendant argues that family members of Defendant's original owners were exempt from union membership and were therefore inappropriately considered in the payroll audit. Dkt. #30 at 7-8. Defendant presents no admissible evidence of any such family exemption. Indeed, Defendant relies primarily on the Declarations of Greg Griffith, Leanne Griffith, and Fred Bens to support its assertion that family members were exempt from union membership.[2] Dkt. #30 at 7. Mr. Griffith merely testifies that his wife, Leanne Griffith, told him he was not required to be a member of the Sheet Metal Workers Union because he was a family member and therefore exempt. Dkt. #31-1 at ¶ 5. He also admits that he never spoke with the Union himself. *Id.* at ¶ 6. Accordingly, his testimony that he was exempt from the Union is hearsay and not admissible. Likewise, Mr. Bens testifies that he was told by his

---

[2] Defendant also relies on a purported Declaration of a Kendall Griffith; however, no such Declaration has been filed with the Court. *See* Dkt. #30 at 7.

ORDER
PAGE - 6

father-in-law (and former owner), Kenneth Burmeister, that he was not required to be a member of the Sheet Metal Workers Union because he was a family member and therefore exempt. Dkt. #3-3 at ¶ 5. This statement is also hearsay.

Finally, Leanne Griffith testifies that she was informed by Mr. Burmeister (her father), that she was not required to be a member of the Sheet Metal Workers Union because she was a family member and therefore exempt. Dkt. #31-2 at ¶ 5. She further testifies that while she was in charge of negotiating union contracts, it was always her understanding that family members were exempt. *Id.* at ¶ 11. Notably, the dates that Ms. Griffith worked for Associated long precede the time period at issue here. *Id.* at ¶ 3. While she states that she was in charge of negotiating union contracts at some point, she provides no dates for such negotiations; thus, the Court can only infer from her Declaration that it was during a time period not relevant to the instant dispute. Moreover, it is significant that Ms. Griffith does not provide any evidence that there was ever any written exemption for family members. Accordingly, the Court finds that Defendant has failed to raise any genuine dispute as to whether family members were exempt from the controlling SFUAs.

*2. Other Fees and Costs*

Defendant next argues that Plaintiffs have failed to prove they are entitled to liquidated damages. Dkt. #30 at 9. Specifically, Defendant argues that Plaintiffs fail to provide the Plan that covers Associated Heating's sheet metal workers, and that Plaintiffs may only receive liquidated damages if such damages are greater than the interest owed on the unpaid union contributions. *Id.* Again, the Court disagrees with Defendant.

First, as already discussed above, Plaintiffs have provided the governing documents in this matter. Second, Defendant misreads the applicable ERISA provision, 29 U.S.C. § 1132(g), which provides for five categories of damages as follows:

> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of –
>
>> (i) interest on the unpaid contributions, or
>>
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). Thus, *in addition to* the interest on the unpaid contributions under subparagraph (B), Plaintiffs are also eligible for the greater of either of the categories of damages under subparagraph (C). Accordingly, Defendant fails to raise any genuine dispute as to the damages to be awarded in this action.

## IV.  CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby ORDERS:

1. Plaintiffs' Motion for Summary Judgment (Dkt. #28) is GRANTED as discussed above.

2. The Clerk SHALL enter judgment in favor of Plaintiffs as follows:

a. One Hundred Seventy-Five Thousand, Four Hundred, Sixty-Three and 45/100 Dollars ($175,463.45) in employee benefit contributions due for the periods of January through March and June through December 2009, January through March and June through December 2010, January through February and June through December 2011, January 2012 through January 2014, March 2014, and February 2015 through May 2016, inclusive, with interest at the rate of 1.04% per annum until paid;

b. Thirty-Five Thousand, Ninety-Two and 70/100 Dollars ($35,092.70) in liquidated damages for the periods of January through March and June through December 2009, January through March and June through December 2010, January through February and June through December 2011, January 2012 through January 2014, March 2014, and February 2015 through May 2016, inclusive, with interest at the rate of 1.04% per annum until paid;

c. Eight-Five Thousand, Four Hundred Sixty-Four and 49/100 Dollars ($85,464.49) in pre-judgment interest through June 6, 2017 on January through March and June through December 2009, January through March and June through December 2010, January through February and June through December 2011, January 2012 through January 2014, March 2014, and February 2015 through May 2016 contributions, with interest at the rate of 1.04% per annum until paid;

d. All fees and costs associated with this litigation.

3. Plaintiffs SHALL file a Supplemental Motion for Fees and Costs **no later than ten (10) days from the date of this Order**. The supplemental motion shall be

supported by the necessary evidence, including billing statements for any fees claimed. **The motion shall be noted in accordance with the Court's Local Rules**. Defendant may file a response to the motion, but such response shall be limited to the reasonableness of the fees and costs requested. No reply shall be filed by Plaintiffs.

DATED this 6 day of June, 2017.

_____
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE