
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST SHEET METAL WORKERS ORGANIZATIONAL TRUST, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ASSOCIATED HEATING & SHEET METAL, INC., <br><br> Defendant. | Case No. C15-0458RSM <br><br> ORDER GRANTING IN PART PLAINTIFFS' SUPPLEMENTAL MOTION FOR FEES AND COSTS |

## I.   INTRODUCTION

This matter initially came before the Court on Plaintiffs' Motion for Summary Judgment, which included a request for attorneys' fees and costs. Dkt. #28. On June 6, 2017, the Court granted Plaintiffs' motion, finding that Defendant had failed to raise any genuine dispute as to the amounts owed to Plaintiffs. Dkt. #34. In addition, the Court granted Plaintiffs' request for attorney's fees and costs, and directed Plaintiffs to file a supplemental motion, appending the evidence necessary to support their request. *Id.* Plaintiffs have since filed that supplemental motion, to which Defendant has failed to respond. Dkt. #36. Plaintiffs ask the Court for a total award of $17,976.00. For the reasons discussed below, the Court now GRANTS IN PART AND DENIES IN PART Plaintiffs' motion.

///

ORDER - 1

## II.  DISCUSSION

### A. Legal Standard

"When it sets a fee, the district court must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). The reasonable hourly rate is determined with reference to the prevailing rates charged by attorneys of comparable skill and experience in the relevant community. *See Blum v. Stetson*, 465 U.S. 886, 895 (1984). In determining the reasonable number of hours expended on the litigation, the Court may exclude any excessive, redundant, or otherwise unnecessary hours billed. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The Court may also adjust the lodestar with reference to factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975). The relevant Kerr factors here are: (1) the time and labor required; (2) the novelty and difficulty of the questions; and (3) the skill requisite to perform the legal services properly. "The lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation." *Intel*, 6 F.3d at 622.

### B. Reasonableness of Rates

The Court first examines the hourly rate for time billed by their counsel requested by Plaintiffs. Plaintiffs seek a billing rate of $210 per hour. Dkt. #37 at ¶ 2. "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting… the rates claimed." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007) (citing *Hensley*, 461 U.S. at 433). In the Ninth Circuit, "the determination of a reasonable hourly rate 'is not made by reference to the rates actually charged the prevailing

party.'" *Welch*, 480 F.3d at 946 (quoting *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000)). "Rather, billing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Id.* (internal quotation omitted). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 979* (9th Cir. 2008) (vacating award of attorneys' fees in Fair Debt Collection Practices Act case where district court failed to identify the relevant community or address the prevailing market rate).

In this case, Plaintiffs have presented neither evidence of their attorney's experience nor evidence supporting the reasonableness of the rate requested for the Seattle market. *See* Dkt. #37. A review by this Court of similar ERISA actions in which attorney's fees were awarded reveals that the rates awarded to experienced litigators in this area in 2017 averaged $180 per hour. Accordingly, given the absence of proper evidence from Plaintiffs as to comparable attorney rates in the community, and considering the Court's own review of comparable cases, the Court finds that Plaintiffs have failed to meet their burden to establish a reasonable hourly rate of $210 per hour, and will therefore calculate the lodestar using the hourly rate of $180 per hour for their attorney's time.[1]

---

[1] While the Court notes that Defendant has not opposed Plaintiffs' motion, the Court also acknowledges an independent duty to review the rate and hours requested.

ORDER - 3

### C. Reasonableness of Hours

Now turning to the reasonableness of the hours requested, the Court notes that "[t]he party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting" the request. *Hensley*, 461 U.S. at 433. As noted above, the Court excludes those hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Further, the Ninth Circuit has held it is reasonable for a district court to conclude that the party seeking attorney's fees fails to carry its burden of documenting the hours expended when that party engages in "block billing" because block billing makes it more difficult to determine how much time was spent on particular activities. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Likewise, intra-office conferences between experienced counsel, absent persuasive justification by the moving party, may be excluded from an award as unnecessary and duplicative. *See id.* at 949.

As an initial matter, the Court adjusts the total amount of attorney fees requested from $17,976.00 to $15,408.00, based on the reduced rate of $180 per hour (85.6 hours x $180 = $15,408.00).

The Court next turns to more specific reductions. Plaintiffs have presented a detailed description of the time spent defending this action. Dkt. #37. The Court has reviewed their attorney's billing entries. *Id.* The Court will not award fees for the time Plaintiffs' counsel spent discussing the case between either attorneys in his own office or with his own clients, as that activity constitutes intra-office conferences or is analogous to intra-office conferences. Further, counsel has partially engaged in block billing time entries, which has left the Court unable to attribute some of the time spent on a particular activity. Dkt. #37; *Welch*, 480 F.3d at 948. Accordingly, where the Court cannot discern from the time entry itself the amount of time to

ORDER - 4

attribute to a particular activity, it will reduce those entries by half.  For all of these reasons, the Court will deduct $981.00 the following time from its award of attorney's fees as follows:

| | | |
|---|---|---|
| 9/21/16 | 0.80 hours | (0.80 x $180/hr = $144.00) |
| 9/21/16 | 0.10 hours | (0.10 x $180/hr = $18.00) |
| 9/22/16 | 0.10 hours | (0.10 x $180/hr = $18.00) |
| 9/22/16 | 0.20 hours | (0.20 x $180/hr = $36.00) |
| 9/26/16 | 0.10 hours | (0.10 x $180/hr = $18.00) |
| 9/29/16 | 0.10 hours | (0.10 x $180/hr = $18.00) |
| 9/29/16 | 0.10 hours | (0.10 x $180/hr = $18.00) |
| 9/29/16 | 0.10 hours | (0.10 x $180/hr = $18.00) |
| 10/5/16 | 0.65 hours | (0.65 x $180/hr = $117.00) |
| 10/11/16 | 0.10 hours | (0.10 x $180/hr = $18.00) |
| 10/25/16 | 0.20 hours | (0.20 x $180/hr = $36.00) |
| 10/26/16 | 0.30 hours | (0.30 x $180/hr = $54.00) |
| 10/31/16 | 0.85 hours | (0.85 x $180/hr = $153.00) |
| 12/6/16 | 0.30 hours | (0.30 x $180/hr = $54.00) |
| 4/5/17 | 1.35 hours | (1.35 x $180/hr = $243.00) |
| 4/6/17 | 0.10 hours | (0.10 x $180/hr = $18.00) |

Dkt. #37.

In light of the rate reduction already imposed, and the time reductions noted above, the Court finds that the remaining hours requested by Plaintiff's counsel are reasonable, and will award the fees associated with those hours, again noting that the hourly rate has been reduced to

ORDER - 5

$180 per hour.  Accordingly, **the total amount of attorney's fees awarded is $14,427.00 ($15,408.00 - $981.00 = $14,427.00)**.

### D. Lodestar Adjustment

The Court finds that the time set forth above, less the reductions noted by the Court, reflects the reasonable time spent defending this matter and does not find it necessary to make any lodestar adjustments.

### E. Costs

Plaintiff has not sought an award of any costs in this matter.

### III.    CONCLUSION

Having considered Plaintiffs' Supplemental Motion for Fees and Costs, the Declarations and Exhibits in support thereof, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' motion (Dkt. #36) is GRANTED IN PART AND DENIED IN PART for the reasons discussed above.  Plaintiff is awarded **fees in the amount of $14,427.00 in attorney's fees**.

DATED this 17 day of July, 2017.

*[signature]*

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 6